# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Darren Butler,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1263** (Berkeley County 11-C-1021)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darren Butler, appearing *pro se*, appeals the order of the Circuit Court of Berkeley County, entered September 26, 2012, that denied his petition for writ of habeas corpus without a hearing. Respondent Warden, by counsel Cheryl K. Saville, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the underlying criminal case, No. 09-F-44, petitioner was indicted on one felony count of first degree arson, five felony counts of child neglect creating a substantial risk of bodily injury, and one felony count of setting fire with intent to defraud insurance. The alleged victims were his wife, children, and a niece.

In a separate criminal case, No. 09-F-91, petitioner was indicted on one felony count of embezzlement. The alleged victim was a church at which petitioner served as treasurer.

At a March 15, 2010 plea hearing on both cases, petitioner and the State entered into a binding plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. Petitioner pled guilty to the arson count and to the five counts of child neglect creating a substantial risk of bodily injury and pled no contest to the embezzlement count. The parties agreed that petitioner would be sentenced to no more than fifteen years in prison on the arson count and that he would receive consecutive sentences on each of the five counts of child neglect creating a substantial risk of bodily injury. The parties also agreed that the sentence on the embezzlement count would run concurrent with the sentence for the arson count. Additionally, petitioner would be free to move the circuit court to impose a sentence of less than fifteen years on the arson count and to run the sentences on the five child neglect counts concurrently with the

1

arson charge, rather than consecutively. The charge of setting fire with intent to defraud insurance would be dismissed.

At the plea hearing, the parties and the circuit court discussed two consequences of petitioner's pleas of guilt and no contest. Petitioner's guilty pleas on child neglect charges allowed the circuit court to make a finding that petitioner was an abusing parent pursuant to W.Va. Code § 61-8D-9. Petitioner's guilty pleas would also require his registration on the child abuse and neglect registry. Because of these consequences, petitioner's counsel informed the circuit court that petitioner is "going to need to think about" entering his pleas. Thereafter, the hearing transcript reflects that petitioner's counsel communicated with his client off the record. Subsequently, petitioner's counsel and the circuit court engaged in the following colloquy:

> [Counsel]: We're fine, Judge. I will say this for the record, I did explain abuse and neglect proceedings with him and I guess the way I'm finding it here I just want to make sure he's comfortable and we're on the record there's going to be a finding he's an abusing parent, but is there any disposition as far as would they have to take the extra step to terminate his [parental] rights?
>
> THE COURT: I'm directing the State to take the appropriate steps—the steps they deem appropriate but it is not conclusive though. Still have to go through all the dispositional aspects if they want to.
>
> [Counsel]: That's what he's caught up on.
>
> THE COURT: This in no way says what the disposition is. I just want to make sure you knew what it could be. All I'm trying to do is explain I will call it the worst case scenario of everything since you understand what the worst case scenario could be.
>
> [Counsel]: The way I understand the registry is this is what I was explaining to him that it's ten years on the registry and it is a report given to the state police.
>
> THE COURT: The central—
>
> [Counsel]: Central—
>
> THE COURT: Basically all it is is a registry. I don't believe there's any requirements on [petitioner] in those cases to do anything. It's just the name is on the registry.
>
> [Counsel]: It's different. It's not sexual abuse registry.

2

THE COURT: No. It's not sexual abuse whatsoever.

\*        \*        \*

[Counsel]:        I've explained it to him.

At that point, the circuit court instructed petitioner to "[h]ead on back to the podium" and finish his plea colloquy. The circuit court concluded the plea colloquy by asking petitioner "[if] you desire to plead guilty and no contest freely and voluntarily, is that correct?" Petitioner answered, "Yes, sir." Petitioner's counsel confirmed that "I have again confirmed there was [sic] no hang-ups with any of those issues raised [and] I think it's very good [the court] raised those issues to make sure we're all on the same page." The circuit court thereafter accepted petitioner's guilty pleas to the child neglect counts and the arson count, and his no contest plea on the embezzlement count.

Attorney Christopher Prezioso represented petitioner at the plea hearing. Mr. Prezioso was appointed following the withdrawal of several other attorneys. Previously, one of petitioner's prior attorneys, Steven A. Greenbaum, made a motion to continue a June 16, 2009 trial date because of the need "to have [petitioner] psychologically evaluated as a necessary part of his defense." While the trial date was continued, petitioner never underwent a psychological evaluation. On appeal, petitioner asserts that Mr. Greenbaum's motion placed his competency at issue at the time of the offenses and when he entered his pleas. This Court notes that as part of his plea colloquy, petitioner answered "no, sir" to the circuit court's questions of whether he ever had been treated for a mental illness and whether he was under the influence of any medications, drugs, or alcohol.

At petitioner's June 22, 2010 sentencing hearing, as part of his statement to the circuit court, petitioner indicated that Mr. Prezioso adequately represented him stating that he could not have 'personally handpicked a better person to defend me" and that Mr. Prezioso "spent numerous . . . non-rushed hours" going over everything with him and answering his many questions. Petitioner's former wife then gave a victim impact statement on behalf of herself, her children, and her niece.

The circuit court sentenced petitioner to fifteen years in prison on the arson charge, one to five years on each of the child neglect counts, and one to ten years on the embezzlement charge. The circuit court ordered the child neglect sentences to be served consecutively to each other and to the arson sentence, and that the embezzlement sentence shall be served concurrently to the arson sentence. The circuit court ordered that petitioner shall be required to register on the child neglect and abuse registry for ten years. The circuit court found that petitioner was an abusing parent pursuant to W.Va. Code § 61-8D-9 and directed that "the State shall take further action as required under the—under [West Virginia Code §] 49-6-1 to seek in this Court's opinion what would be the appropriate remedy[:] termination."[1] The circuit court also appointed Mr. Prezioso as petitioner's

---

[1] West Virginia Code §§ 49-6-1 to -12 set forth the procedure for child abuse and neglect proceedings.

appellate counsel, per his request.

Subsequently, petitioner appealed the circuit court's sentencing order arguing that the court erred in sentencing him and that he should have all concurrent sentences or an alternative sentence. This Court affirmed petitioner's sentencing order in *State v. Butler* ("*Butler I*"), No. 101512 (W.Va. Supreme Court, April 18, 2011) (memorandum decision).

Petitioner filed a petition for writ of habeas corpus on December 5, 2011. Thereafter, petitioner was appointed counsel who filed an amended petition on May 15, 2012, raising the following grounds for relief: (1) trial counsel was ineffective in not advising petitioner of the interplay between his child neglect convictions and the child neglect and abuse registry; (2) petitioner received a more severe sentence than expected; (3) petitioner's sentence was excessive in that it denied him meaningful rehabilitation; and (4) trial counsel's failure to adequately advise petitioner about the child neglect and abuse registry rendered his guilty and no contest plea involuntary. Petitioner also filed a *Losh* checklist indicating that he was waiving certain grounds.[2] The circuit court ordered the respondent warden to respond to the amended petition. On August 22, 2012, respondent filed a response and a motion to dismiss the petition.

The circuit court entered its order denying petitioner's habeas petition on September 26, 2012, noting that the parties had fully briefed the issues and "there [was] no need for an evidentiary hearing." The circuit court determined that petitioner's claim that trial counsel was ineffective was factually incorrect noting that "Mr. Prezioso, while standing with [p]etitioner, stated that he had already gone over these issues [i.e., the child abuse and neglect registry and the finding of an abusing parent] with [p]etitioner" and that "[p]etitioner took time at the [plea] hearing to discuss the issues again with his counsel." The circuit court concluded that the child abuse and neglect registry and the possible finding of an abusing parent "were both specifically discussed . . . prior to acceptance of the plea[s]."

The circuit court next considered petitioner's second and third grounds regarding the severity of his sentence and determined that "these two claims related to the [p]etitioner's sentence have been previously and finally adjudicated on their merits by [p]etitioner's direct appeal." The circuit court noted that in petitioner's direct appeal, this Court upheld petitioner's sentences in a memorandum decision and that the memorandum decision constituted a decision on the merits pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

The circuit court also determined that petitioner's claim that his pleas were involuntary was wholly without merit. While the written plea agreement did not mention the child abuse and neglect registry and the finding of an abusing parent, the circuit court found that "[p]etitioner was fully advised of these issues on the record at the plea hearing" and, therefore, clearly knew of these issues prior to the entry of his pleas. The circuit court found that petitioner answered "yes, sir" when he was asked if he wanted to go forward with his pleas "in light of all of those issues."

---

[2] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

In addition, the circuit court noted that there were habeas grounds that petitoner neither raised nor waived in his *Losh* checklist, such competency at the time of the offenses and when he entered his pleas. The circuit court found that these un-waived grounds "have not been factually or legally supported whatsoever" and that "[t]he record is plain that the [p]etitioner is not entitled to any relief on these grounds." Accordingly, the circuit court denied habeas relief. Petitioner now appeals the circuit court's September 26, 2012 order that denied his petition for writ of habeas corpus without a hearing.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).[3]

On appeal, petitioner first argues that his trial counsel was ineffective because he did not properly advise petitioner of the full consequences of entering guilty pleas to the child neglect charges. The respondent warden counters that the parties addressed whether petitioner was required to register on the child abuse and neglect registry at the plea hearing and the circuit court advised petitioner that possible termination of his parental rights was a consequence of his pleas. Respondent further asserts that contrary to petitioner's contention, the circuit court did not terminate his parental rights *sua sponte* in its sentencing order. In fact, the sentencing order did not address the possible termination of petitioner's parental rights; instead, the circuit court made a *recommendation* at the sentencing hearing that the State seek termination of parental rights as the appropriate remedy in a separate child abuse and neglect proceeding. After careful review of the relevant hearing transcripts and court orders, this Court finds that petitioner was adequately advised of the child abuse and neglect registry and of the possible termination of his parental rights, and that counsel's performance did not fall below an objective standard of reasonableness. *See* Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E .2d 114 (1995). We conclude that the circuit court did not abuse its discretion in denying habeas relief on this issue.

Petitioner next argues that his sentences were disproportionate to his offenses. Respondent counters that this issue was fully adjudicated in *Butler I* in which this Court affirmed the circuit court's sentencing order. In *Butler I*, we cited to Syllabus Point 4 of *State ex. rel. Hatcher v.*

---

[3] *See also* Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973) ("A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.").

*McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007), for the principle that criminal sentences within the statutory limits of a crime are not subject to appellate review unless the sentence is based on some impermissible factor. We further noted the State's argument that petitioner's sentences were "not disproportionate, as the offenses were serious, there was a risk of serious injury or death to petitioner's own children, and the plea agreement contemplated the exact manner in which the sentence was imposed." No. 101512, at *2 (W.Va. Supreme Court, April 18, 2011) (memorandum decision). After careful consideration, this Court concludes that the circuit court did not abuse its discretion in determining that the proportionality of petitioner's sentences had been previously and finally adjudicated. *See* Rule 21(a), W.V.R.A.P. (memorandum decisions constitute decisions on the merits).

Finally, petitioner argues that it was plain error that there was no follow-up on the determination of his previous attorney, Mr. Greenbaum, that petitioner needed to be evaluated for mental competency for trial and at the time of the offenses. Respondent asserts that contrary to petitioner's contention, Mr. Greenbaum did not move to continue the June 16, 2009 trial date because of difficulties he was allegedly having in attempting to confer with petitioner. Rather, Mr. Greenbaum stated that he wanted petitioner evaluated for a more generic reason, "as a necessary part of his defense." In Syllabus Point 7 of *State v. Miller,* 194 W.Va. 3, 459 S.E .2d 114 (1995), this Court held that "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Although petitioner did not waive issues of his mental competency in his *Losh* checklist, the circuit court found that they were among the grounds that "have not been factually or legally supported whatsoever." The circuit court further found that "[t]he record is plain that the [p]etitioner is not entitled to any relief on these grounds." After careful consideration, this Court concludes that the record is insufficient to trigger the plain error doctrine with regard to petitioner's mental competency allegations.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II