656 S.E.2d 789

**STATE of West Virginia ex rel. Frederico HATCHER, Petitioner Below, Appellant**

v.

**Thomas· McBRIDE, Warden, Respondent Below, Appellee.**

No. 33244.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 24, 2007.

Decided Nov. 9, 2007.

Susan Breece, Esq., Huntington, for Appellant.

Darrell V. McGraw, Jr., Esq., Attorney General, Robert D. Goldberg, Esq., Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

In this appeal of a denial of his February 17, 2006, habeas petition by the Circuit Court of Cabell County, the appellant, Frederico Hatcher, argues that the circuit court's August 13, 1996, order sentencing him to 212 years imprisonment on one count of aggravated robbery is disproportionate to the underlying offense. He further argues that his habeas counsel was ineffective during the omnibus habeas corpus proceedings. Upon our full review of these assignments of error against the record in this case, we find no error and accordingly, affirm the circuit court's denial of the appellant's habeas petition.

## I.

## FACTS

On August 30, 1995, the nineteen-year-old appellant, along with two co-defendants, robbed Dennis Johnson, a delivery person for Domino's Pizza. According to Mr. Johnson, the appellant hit him in the back of the head with a large wooden club, while one of the co-defendants grabbed two pizzas and a bottle of soda. Both co-defendants testified against the appellant at trial. On May 3, 1996, the appellant was found guilty of aggravated robbery, and on August 13, 1996, he was sentenced to 212 years in the penitentiary. On February 20, 1997, the appellant appealed his conviction to this Court and we refused his appeal.

Thereafter, on April 21, 1998, the appellant filed a *pro se* petition for post-conviction relief in the Circuit Court of Cabell County. On May 13, 1998, counsel was appointed to represent the appellant. During a December 4, 1998, habeas evidentiary hearing, the circuit court reviewed with the appellant the procedural requirements of *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). The appellant stated that he was aware of his rights, had reviewed his claims with counsel, and waived the right to assert any claims not set forth on his checklist. On March 22, 1999, the circuit court rejected the appellant's petition. In its order, the circuit court thoroughly addressed the appellant's proportionality claim. On October 6, 1999, the appellant appealed the circuit court's order, and on March 23, 2000, this Court denied that appeal.

On February 17, 2006, the appellant filed a second habeas petition in the Circuit Court of Cabell County which was denied by that court on the same day. Then, after filing his February 27, 2006, Notice of Intent to Appeal, the circuit court, on March 2, 2006, appointed habeas counsel for the limited purpose of determining whether there were legal grounds for filing an appeal. On September 11, 2006, the appellant's counsel filed a petition for appeal with this Court. In addition to his 212 year sentence for robbing the pizza delivery driver, the appellant was also sentenced to a life, without mercy sentence based upon his killing of a convenience store worker in the companion case of *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

## II.

## STANDARD OF REVIEW

The appellant has presented assignments of error for our review surrounding the denial of his petition for a writ of

habeas corpus based on his claim of ineffective assistance of habeas counsel as well as his contention that the circuit court committed error by sentencing him to 212 years imprisonment. In Syllabus Point 1 of *State ex rel. Postelwaite v. Bechtold,* 158 W.Va. 479, 212 S.E.2d 69 (1975), we held that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong." Generally applicable is our standard for conducting review of circuit court decisions, as restated in *Phillips v. Fox,* 193 W.Va. 657, 458 S.E.2d 327 (1995):

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

*Id.* at 661, 458 S.E.2d at 331 (citing *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995)). With regard to the appellant's claim of ineffective assistance of counsel, this Court held in Syllabus Point 1 of *State ex rel Vernatter v. Warden,* 207 W.Va. 11, 528 S.E.2d 207 (1999), as follows:

> An ineffective assistance of counsel claim presents a mixed question of law and fact; we review the circuit court's findings of historical fact for clear error and its legal conclusions *de novo.* This means that we review the ultimate legal claim of ineffective assistance of counsel *de novo* and the circuit court's findings of underlying predicate facts more deferentially.

*(quoting State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995)).

With these standards in mind, we proceed to review the trial court's rulings to determine if any error was committed.

## III.

### DISCUSSION

#### A.  *Proportionality.*

■ The appellant maintains that the trial court erred in sentencing him to 212 years imprisonment as such a period of time clearly shocks the conscience and is disproportionate to the crime of aggravated robbery. Specifically, he contends that the circuit court violated Article III, Section 5 of the West Virginia Constitution since his sentence is excessive to the character and degree of his offense. The appellant cites a few cases wherein this Court has found a sentence excessive even when authorized by statute. In particular, he relies on *State v. David,* 214 W.Va. 167, 175–176, 588 S.E.2d 156, 166–167 (2003), where this Court held:

> By imposing a total sentence of 1,140 years to 2,660 years in prison upon the appellant in this case, the trial court violated the proportionality principle and abused its discretion. Therefore, we remand this case to the trial court for resentencing within its discretion.

Conversely, the State contends that the circuit court did not err and that his sentence was proper. The State points out that sentencing courts are free to consider any and all evidence of future dangerousness and it was not improper to consider the appellant's subsequent murder of a convenience store clerk. The State explains that the circuit court did not have to speculate about the appellant's potential danger to the community as it was confronted with concrete evidence of his complete disregard for the law and contempt for human life. Moreover, the State argues that a ruling requiring a sentencing court to ignore such evidence would lack reason and common sense.

■ Having reviewed all of the evidence below, we believe that the appellant's sentence was proper. In Syllabus Point 8 of *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980), we explained:

> Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offense.'

■ Historically, this Court has declined to intervene in cases where judicially-imposed sentences are within legislatively prescribed limits. *State v. Cooper,* 172 W.Va. 266, 271, 304 S.E.2d 851, 855 (1983). In fact, we have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus Point 4, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981). This Court explained in *Wanstreet* that:

'[T]he robbery by violence statute is one of the few criminal statutes in our jurisdiction that enables the court to set a determinate sentence without reference to any statutory maximum limit. With the exception of the life recidivist statute discussed in *State v. Vance,* [164 W.Va. 216, 262 S.E.2d 423 (1980) ], we do not believe that the disproportionality principle can have any significant application other than to this type of sentencing statute.'

166 W.Va. at 531–32, 276 S.E.2d at 211, *quoting State v. Houston,* 166 W.Va. 202, 209, 273 S.E.2d 375, 379 (1980).

At the time of sentencing, the circuit court appropriately took into consideration the appellant's past criminal history as detailed in the pre-sentence report and the reports from the Prestera Mental Health Center. The following section from the circuit court's order demonstrates both the judge's reasoning as well as the appellant's lengthy and dangerous criminal past. The circuit judge stated:

A thorough examination of the record shows that the [appellant] had an antisocial character, as well as alcohol and substance abuse problems. Paraphrasing the evidence, he was characterized as being very rebellious and nonconforming and as having a history of ignoring social norms as well as the personal and property rights of others. He was found to act impulsively and to have a history of violent behavior.

The [appellant] had been arrested on a number of occasions for relatively violent and antisocial behavior. The record indicated that as a juvenile he had been arrested sixteen times. His charges were four counts of incorrigible, three counts of battery, three counts of grand larceny, one count of petit larceny, two counts of brandishing, one count of destruction of property, and one count of joy riding. During his years as a juvenile, the Courts attempted all lessor restrictive alternatives, improvement periods, probation, and finally incarceration in Salem on two occasions.

It is important to note that the time periods between charges became shorter instead of longer as the [appellant] aged. Within three months of his first release from Salem for the charge of assault, he was charged again with brandishing and resentenced to Salem.

As an adult, the [appellant] was arrested on nine occasions. Following discharge from Salem on January 28, 1994 the [appellant] was arrested again on February 16, 1994 for battery and entered a guilty plea. On October 16, 1994 he was arrested for reckless driving, hit and run and receiving stolen property. He plead to the reckless driving. On October 14, 1994 he entered a guilty plea to joyriding. He was arrested on April 11, 1995 for grand larceny and waived to the Grand Jury. He was arrested on May 23, 1995 for receiving and transferring stolen property, reckless driving and obstructing an officer, and waived to the Grand Jury. He was arrested August 21, 1995 for trespassing, which was dismissed. He was arrested August 29, 1995 for carrying a weapon, and entered a guilty plea. He was arrested August 31, 1995 for the aggravated robbery charge which is the subject of this petition. He was arrested October 24, 1995 for murder. An impressive criminal history and the defendant had just turned eighteen years of age on January 30, 1994.

The circuit court went through an exhaustive review in determining that "it would be difficult to have a person who would be more suited for long-term removal from society." While it is possible that we may have sentenced the appellant to a lesser sentence had we sat as the trial court, this alone does not automatically lead to the conclusion that a

lower court abused its discretion in sentencing. We held in *State v. Allen*, 208 W.Va. 144, 155, 539 S.E.2d 87, 98 (1999), that:

> Typically, a grant of discretion to a lower court commands this Court to extend substantial deference to such discretionary decisions. Although this Court may not necessarily have obtained the same result had we been presiding over a case determined by a lower court, our mere disagreement with such a ruling does not automatically lead to the conclusion that the lower court abused its discretion.

With regard to the specific sentence imposed by the circuit court in *Allen*, we further delineated:

> With respect to the sentences imposed for Allen's numerous misdemeanor convictions, we find that the trial court properly sentenced the defendant in accordance with the statutorily-prescribed punishments for such crimes. As for the circuit court's decision to impose consecutive, rather than concurrent, sentences, we likewise find no abuse of discretion. At this juncture, however, we wish to emphasize that, while the members of this Court, had we been sentencing Allen for his numerous misdemeanor convictions, would not necessarily have ordered his sentences to run consecutively, this disagreement, standing alone, does not necessitate a reversal of the sentences imposed by the trial court. Finding no impermissible factors influenced the trial court's sentencing decision, we affirm the lower court's ruling.

*Allen*, 208 W.Va. at 155, 539 S.E.2d at 98.

■ Our system of criminal jurisprudence views a trial court's discretion during the sentencing phase of a criminal proceeding as a critical component of the process. *See State v. Head*, 198 W.Va. 298, 306, 480 S.E.2d 507, 515 (1996) (Cleckley, J., concurring) ("Circuit court judges have a right to believe that so long as they have not violated a law or acted in a nefariously discriminatory way in imposing sentences, this Court will not sift through the nooks and crannies of their decisions determined on finding that which is not there."). Moreover, in *State v. Sugg*, 193 W.Va. 388, 406, 456 S.E.2d 469, 487 (1995), we held that "[a]s a general proposition, we

will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute." We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982).

In the instant case, the appellant's conviction to aggravated robbery led to a sentence completely within the statutory guidelines. Moreover, the circuit court's sentencing of the appellant was not based upon any impermissible factors. In this instance, the circuit court did not violate the proportionality principle and did not abuse its discretion. Therefore, we affirm the appellant's sentence.

### B. Ineffective Assistance of Counsel

■ The appellant maintains that his constitutional rights were violated due to ineffective assistance of habeas counsel. However, the only allegation discussed with even a modicum of specificity by the appellant was that his trial counsel should have objected more strenuously with regard to the testimony of Judge Ferguson at his sentencing hearing, and that his first habeas counsel should have pursued that issue more strenuously during his habeas corpus hearing. That issue, however, was disposed of in its entirety by this Court in *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006). Thus, the appellant leaves this Court with the general allegation that his counsel failed to raise or vigorously defend him on several issues, while he does not cite to a single specific example of such ineffective assistance by his counsel.

Without providing this Court with any examples of ineffective assistance of counsel, it is impossible for us to grant habeas relief. The appellant has woefully failed to meet the requirements of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, even if the appellant's counsel was ineffective, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

In Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), this Court provided: "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Moreover, as stated in Syllabus Point 6 of *Miller*:

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*See* Syllabus Points 1 and 2, *Ronnie R. v. Trent*, 194 W.Va. 364, 460 S.E.2d 499 (1995). *See also State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995) (holding that counsel must make a "reasonable investigation" of the case in order to provide effective assistance to an accused in a criminal proceeding.).

The appellant's claim of ineffective assistance of counsel amounts to nothing more than general and bare allegations without any analysis, explanation, or legal citation. He does not provide to this Court any examples of how the circuit court acted in an erroneous manner or in a manner that was not consistent with the laws of West Virginia. Rather, the appellant's assertions lack reasonable specificity and particularity and are completely unsupported. In the absence of such supporting arguments or authority, we deem these assignments of error to have been waived.

As we explained in *State Dept. Of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim .... Judges are not like pigs, hunting for truffles buried in briefs." (Citation omitted). Moreover, as we held in Syllabus Point 2 of *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004), " '[a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966)." Likewise, this Court has previously adhered to the rule that, "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). *Accord State v. Allen*, 208 W.Va. 144, 162, 539 S.E.2d 87, 105 (1999); *State v. Easton*, 203 W.Va. 631, 642 n. 19, 510 S.E.2d 465, 476 n. 19 (1998); *State v. Lilly*, 194 W.Va. 595, 605 n. 16, 461 S.E.2d 101, 111 n. 16 (1995).

Based upon all of the above as well as our thorough review of the record, we find that there is no merit to the appellant's allegations of ineffective assistance of counsel.

## IV.

## CONCLUSION

For the reasons stated above, we affirm the Circuit Court of Cabell County's February 17, 2006, denial of the appellant's habeas petition.

Affirmed.