# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Scott A. Marshall,**
**Petitioner Below, Petitioner**

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 11-1464** (Jefferson County 09-C-309)

**Patrick Mirandy, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marshall's appeal, filed by counsel Christopher Prezioso, arises from the Circuit Court of Jefferson County, wherein petitioner's second petition for writ of habeas corpus was denied by order entered on September 16, 2011. Respondent Warden Mirandy,[1] by counsel Brandon Sims, filed a response in support of the circuit court's decision. Petitioner filed a reply to this response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

In early 2004, petitioner was convicted of attempted murder, malicious assault, possession of a firearm by a person prohibited to possess a firearm, and domestic battery. Following these convictions, the circuit court sentenced petitioner to consecutive sentences as follows: three to fifteen years in prison for attempted murder, two to ten years in prison for malicious assault, one year in jail for his misdemeanor possession of a firearm, and one year in jail for domestic battery. Petitioner's direct appeal of these convictions was refused by this Court. Petitioner thereafter filed his first petition for a writ of habeas corpus in the circuit court. This petition was denied, as was his petition for appeal of that denial to this Court. Petitioner's second petition for writ of habeas corpus was denied in September of 2011, which is the order from which he now appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a
> habeas corpus action, we apply a three-prong standard of review. We review the

---

[1] Pursuant to Rule 41(c) of the Revised Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Patrick Mirandy. The initial respondent on appeal, Jim Ielapi, is not the warden at St. Mary's Correctional Center where petitioner is currently housed.

final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

We also bear in mind the following:

A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). Moreover, with regard to reviewing claims concerning ineffective assistance of counsel, we reiterate the following standard:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

On appeal, Petitioner Marshall argues that the second habeas court erred in denying his petition for writ of habeas corpus without an evidentiary hearing because (1) his sentences violate the Eighth Amendment of the United States Constitution and (2) he was denied effective assistance of counsel on his first habeas petition. Petitioner admits that his sentences are within statutory limits, but argues that he should have received alternative sentencing, such as concurrent sentences, because he is remorseful for his crimes and vows to become a productive member of society upon release. Petitioner also argues that his trial counsel failed to call certain witnesses at trial and that his first habeas counsel failed to properly explore this in petitioner's first habeas petition. Consequently, petitioner argues that he showed probable cause to warrant an omnibus evidentiary hearing on his second habeas petition. In response, Warden Mirandy argues that the trial court did not err at sentencing petitioner in his underlying criminal matter because his sentences are not disproportionate, do not constitute cruel and unusual punishment, and were not based on any impermissible factors. Moreover, Respondent Warden Mirandy further argues that petitioner has not met his burden in showing ineffective assistance of counsel on his first habeas petition, nor can he make a blanket claim for ineffective assistance of counsel without specifying how the outcome of his trial would have been different. *See State ex rel. Hatcher v. McBride,* 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007). Petitioner's reply

reiterates that probable cause warranted an evidentiary omnibus hearing and that his sentences constitute cruel and unusual punishment.

Our review of the record uncovers no error by the circuit court in denying habeas corpus relief to petitioner based on his arguments raised on appeal. In the appendix record accompanying his appeal, petitioner includes a copy of his first habeas petition in which he argued that the trial court erred in not allowing him to testify on his own behalf or present witnesses. Petitioner also includes a copy of his second habeas petition in which he argues that his first habeas counsel should have questioned the trial court judge about the alleged failure to allow petitioner to testify or present witnesses. However, petitioner's excerpts from his jury trial do not show with specificity as to how trial counsel was deficient or that, but for any alleged deficiency, there was a reasonable probability that the result of his proceedings would have been different. Nor has petitioner shown how, but for any alleged deficiency by his first habeas counsel, the results of his proceedings would have been different. A transcript from the omnibus hearing held on the first petition is not included in the appendix record for review of petitioner's argument concerning ineffectiveness of his first habeas counsel. Having reviewed the circuit court's "Amended Final Order Denying Petitioner's (Second) Writ of Habeas Corpus Ad Subjiciendum" entered on September 16, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's decision denying habeas corpus relief.

Affirmed.

**ISSUED: January 14, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

C. Prezioso

11-1464

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, ex rel.
SCOTT ALLEN MARSHALL,
    Petitioner,

Vs.                      Civil Action No. 09-C-309

JIM IELAPI, Warden
    Respondent.

**AMENDED FINAL ORDER DENYING PETITIONER'S (SECOND)**

**WRIT OF HABEAS CORPUS AD SUBJICIENDUM**

THIS MATTER came before the Court this 27TH day of May, 2011

pursuant to the Petitioner's second-Petition for Writ of Habeas Corpus.

Upon the appearance of Scott Allen Marshall, (Petitioner), by counsel,

Christopher J. Prezioso, Esq., and the appearance of the Respondent, by

counsel, Ralph Lorenzetti, Prosecuting Attorney for Jefferson County, West

Virginia.

Petitioner by Counsel argued the following two issues on the Record.

A.    Petitioner received ineffective assistance of counsel in violation of

the Sixth Amendment to the United States Constitution and Article III of the West

Virginia Constitution.

It is the contention of the Petitioner that Attorney James Kratovil, Esq., did

fail to adequately represent Petitioner at all stages of bringing Petitioner's first

Petition for Habeas Corpus relief.

B.      Petitioner received a sentence that was in violation of the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution.

Petitioner by counsel argues, the sentencing courts use of consecutive sentencing in this case was not proportioned to the character and degree of offense. Petitioner by counsel also argues that he has an exemplary institutional record, and has realized the errors he committed in his life, and other arguments upon the record.

The Respondent by counsel argued in opposition to any change to the sentence.

THIS COURT commends counsel Prezioso for accepting this appointment and making reasonable and forceful arguments for the Petitioner. Also, this Court commends the Petitioner for his efforts at rehabilitation. However, this Court must look upon all the factors within the scope of the applicable law. This Court will not reconsider Petitioner's sentence, given the factors, including type of case and injuries to the victim. Petitioner by counsel admits in his petition that Petitioner's sentence is within the statutory limits of the crimes for which he was convicted.

Also, this Court finds that prior Habeas Corpus counsel did a reasonable job representing Petitioner, including arguing this matter before the West Virginia Supreme Court of Appeals.

ACCORDINGLY, for the reason set forth herein and upon the record, it is ADJUDGED and ORDERED that the Petitioner's (second) Petition for Habeas

Corpus Relief is hereby DENIED. It is further ORDERED that Christopher J. Prezioso is appointed to represent the Petitioner for appeal purposes and will have thirty days from the entry of this Order to file any appeal.

The Court notes the objections and exceptions of the Petitioner to any adverse rulings herein.

The Court directs the Circuit Clerk to retire this matter from the Docket and distribute attested copies of this Order to the Petitioner and Counsel of Record.

3cc
-C. Prezioso
-R. Lorenzetti
-S. Marshall
9/19/11
AW

HONORABLE DAVID SANDERS

A TRUE COPY
ATTEST:

   LAURA E. RATTENNI
   CLERK, CIRCUIT COURT
   JEFFERSON-COUNTY, W.VA.

BY _____
DEPUTY CLERK