# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-0436** (Berkeley County 09-F-104)

**Russell Coates,**
**Defendant Below, Petitioner**

**FILED**

**February 18, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Russell Coates, by counsel Christopher J. Prezioso, appeals the Berkeley County Circuit Court's "Order Revoking Supervised Release Under West Virginia Code § 62-12-26 and Committing Defendant to the Custody of the Division of Corrections" entered on March 26, 2013. Respondent State of West Virginia, by counsel Christopher C. Quasebarth, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2009, petitioner was indicted for one count of kidnapping, nine counts of sexual assault in the second degree, and one count of delivery of cocaine. The charges stemmed from allegations that petitioner held a woman against her will at her residence where he repeatedly sexually assaulted her. As part of a plea agreement, petitioner pled no contest to three counts of sexual abuse in the first degree. Pursuant to the agreement, on February 1, 2011, the circuit court sentenced petitioner to one to five years in the penitentiary for each of the three convictions, to run concurrently, and with credit for time served. The circuit court further sentenced petitioner to ten years of supervised release pursuant to West Virginia Code § 62-12-26, to commence upon petitioner's release from incarceration or parole. The remaining charges in the indictment were dismissed.

Petitioner was discharged from incarceration on September 4, 2011.[1] Under the terms of his sentence, petitioner's supervised release commenced that day. On October 19, 2011, after only six weeks of supervised release, the probation office filed a petition to revoke petitioner's

---

[1]The State references an August 8, 2011, "Official Certificate of Discharge" as the basis for petitioner's discharge date. The certificate is not included in the appendix record submitted by petitioner.

1

supervised release based on allegations that petitioner failed to report to his probation officer on multiple occasions as directed, failed to report to the West Virginia State Police to update his sex offender registration as directed, and failed to provide required proof of enrollment in sexual offender counseling and treatment. Following a hearing, the circuit court found that petitioner violated the terms of his supervised release and sentenced him to serve thirty days of his ten-year supervised release period in the penitentiary.

Thereafter, on December 13, 2012, petitioner's probation officer filed a second petition to revoke petitioner's supervised release, alleging that petitioner (1) failed to pay required monitoring fees; (2) was charged on December 12, 2012, with misdemeanor possession of a controlled substance; (3) tested positive for cocaine on December 13, 2012; (4) admitted to his probation officer on December 12, 2012, that he used cocaine; and (5) admitted to his probation officer that on December 12, 2012, he solicited a prostitute for sex. At a March 18, 2013, hearing on this second petition, the circuit court found that petitioner violated the terms of his supervised release. Petitioner did not contest the violations, but contended that he was doing well until early December of 2012, when he was diagnosed with prostate cancer. Petitioner requested that his supervised release be reinstated. However, by order entered March 26, 2013, the circuit court revoked petitioner's supervised release, sentenced petitioner to serve the remainder of the ten-year period of supervised release in the penitentiary, with credit for the thirty days he served from the first revocation, as well as the time he served after being arrested and incarcerated on the second revocation petition. From this order, petitioner now appeals to this Court.

West Virginia Code § 62-12-26(g)(3) authorizes the circuit court to

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997).

Petitioner raises two assignments of error. First, he argues that the circuit court committed reversible error by denying his request to return to supervised release. Second, he argues that the imposition of the remaining portion of the ten-year period of supervised release violates his constitutional right to due process and freedom from cruel and inhuman punishment. As these two arguments are closely related, we address them together.

In his brief, petitioner admits that his sentence is allowable under West Virginia Code § 62-12-26(g)(3). Petitioner further recognizes that a sentence that is within the statutory limits, unless based on some impermissible factor, is not subject to appellate review. *See State ex rel. Hatcher v. McBride,* 221 W.Va. 760, 656 S.E.2d 789 (2007). Petitioner contends that to impose

2

the ten-year sentence, given that petitioner admitted the violations, is simply unjust and constitutes an abuse of discretion. He adds that imposition of the ten-year sentence also violates his constitutional rights against cruel and inhumane punishment because West Virginia Code § 62-12-26(g)(3) prohibits the court from awarding credit for the time petitioner spent on supervised release. Applying this rule, petitioner hypothesizes that he could have served nine years and three-hundred and sixty-four days of supervised release, violated the terms of his release, and then unjustly be sentenced to the full ten years in prison.

As respondent correctly notes, this Court has upheld the constitutionality of the imposition of supervised release under West Virginia Code § 62-12-26 in addition to the statutory sentence for the crime. *See State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).[2] The scenario painted by petitioner is not presented by the facts of this case. Here, the court showed leniency by only imposing a thirty-day sentence following the first revocation of petitioner's supervised release. Petitioner's complaint that the ten-year sentence is unjust does not constitute an abuse of discretion as his continued violations gave the circuit court every reason to impose the full ten years. Additionally, petitioner's claim that he should be granted credit for time served is flatly inconsistent with the plain language of West Virginia Code § 62-12-26(g)(3). If supervised release is to have any meaning, then violations thereof must have consequences. Accordingly, we see no error in the order of the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2] Petitioner did not appeal his initial sentence.

3