# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Mohsen Sadeghzadeh and
Shamsi B. Sadeghzadeh,
Defendants Below, Petitioners

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 17-0031 (Jefferson County CK-19-2015-C-159)

William E. Knode Jr.
and Jo Ann Knode,
Plaintiffs Below, Respondents

## MEMORANDUM DECISION

Petitioners Mohsen Sadeghzadeh and Shamsi B. Sadeghzadeh ("buyers"), by counsel Paul G. Taylor, appeal the Circuit Court of Jefferson County's October 27, 2016, order granting declaratory judgment in respondents' favor regarding certain real property. Respondents William E. Knode Jr. and Jo Ann Knode ("sellers"), by counsel Michael L. Scales and F. Samuel Byrer, filed a response. On appeal, the buyers argue that the circuit court erred in (1) ruling in sellers' favor based upon inapplicable federal law and rules of contract interpretation and construction; (2) declaring that parcel 90 was the sole easement property; (3) concluding that the purchase price for the property was to be 100 percent of the assessed value; (4) finding that sellers substantially prevailed below in assessing costs against them; and (5) removing cloud to sellers' title.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal arises from a declaratory judgment action to resolve issues surrounding a contract of sale dated November 12, 2013.[1] According to the contract, the sellers were to sell and convey to the buyers five parcels of real estate, as defined in the contract.[2] Additionally, the sellers were to sell the buyers a right of way or easement defined, in relevant part, as follows:

---

[1]The contract included three amendments that will be discussed, where relevant, herein.

[2]The initial contract listed only Mr. Sadeghzadeh as a party. However, a later amendment among the parties agreed to include Ms. Sadeghzadeh as a "Buyer."

(b) An exclusive easement which shall be a minimum of sixty feet (60') wide but no wider than shall be reasonably required in the sole discretion of Buyer's engineer, for ingress, egress and utilities, over, upon and under the realty of Seller, which is in the vicinity of The Property as described in sub-paragraph (a) and may include realty presently shown as part of Parcels 92, 91, 90, 89, 85.2, 87 or 88 on the sketch plat appended hereto and which shall be more-specifically referred to herein as **The Easement Property**. Such exclusive easement shall be in a location to be ascertained in the future as reasonably required in the sole discretion of either Buyer's engineer or Buyer.

(c) an option to purchase, in fee simple, all or any part of **The Easement Property**, together with its improvements and appurtenances, under the following terms:

i. Such option interest shall be for duration of ten (10) years.

ii. Buyer shall provide Seller with a written notice of his election to purchase such property at least ninety (90) days, but not more than one hundred twenty (120) days, prior to the settlement date therefor.

iii. The sales price shall be the assessed value thereof as determined by the calendar tax year of settlement therefor.

iv. The other terms of this Contract, where not in conflict with this sub-paragraph, shall apply to this sub-paragraph and any settlement hereunder.

The contract was prepared by Randall R. Conrad II. According to the sellers, Mr. Conrad had previously represented them in several real estate transactions and they, thus, were under the assumption that Mr. Conrad represented both the sellers and the buyers in the transaction at issue. However, on January 29, 2014, the scheduled closing date, the sellers became aware that Mr. Conrad represented only the buyers with regard to the transaction. Additionally, Mr. Conrad informed the sellers that, pursuant to the contract, the buyers would have an option to later purchase the sellers' remaining properties of parcels 92, 91, 90, 89, 85.2, 87, and 88. These issues caused the sellers to abort closing on that date.

Pursuant to an amendment made on January 31, 2014, the parties agreed to remove parcels 91 and 92 from the definition of "Easement Property." Despite the aborted closing, the sellers indicate that the buyers, by Mr. Conrad,

recorded that certain Plat of Retracement Survey, Princess Street, Part Shepherdstown Corp. & Part Shepherdstown, Developer: Mohsen Sadeghzadeh, which appears of record in Plat Book 25, at page 421 in the Office of the Clerk of the County Commission of Jefferson County, West Virginia, which identified the Easement Property as being "60' Proposed Right-of-Way" and located The Easement Property on Tax Map 8B, Parcel 90.

The sellers further indicate that the plat was prepared by the buyers' engineer and, as verified by the sellers' real estate agent, was not provided to them at the eventual closing on January 31, 2014. However, on the deed delivered at closing, dated January 31, 2014, "The Easement Parcel" is identified as being a "'60' PROPOSED RIGHT-OF-WAY,' as more fully shown and described on that certain Plat of Survey, dated January 28, 2014, drawn by Richard W. Klein, West Virginia Licensed Surveyor No. 1427, and recorded in the previously-mentioned Clerk's office in Plat Book 25, page 421."

According to the sellers, they believed that the only option the buyers retained applied to The Easement Property and that once the buyers selected the parcel they desired, they would reserve the option to buy the residue of that parcel. However, the buyers appeared to believe that they retained an option to purchase parcels 89, 85.2, 87, and 88. Following closing, Mr. Conrad affixed his own notary acknowledgement at the end of the contract and recorded it in the Office of the Clerk of the County Commission of Jefferson County. According to the sellers, this clouded the titles of the remaining properties they owned in and around Shepherdstown, West Virginia.

In June of 2015, the sellers filed a civil action seeking declaratory judgment concerning issues that arose from the transaction. Specifically, the sellers sought a declaration as to what property or properties, if any, were included as part of the option provision of the contract. Further, the sellers sought to remove the cloud on the titles for parcels 89, 85.2, 87, and 88, and to make it clear that the option to purchase would only be for parcel 90, from which they had conveyed a right-of-way, but reserved the remaining fee. The sellers also sought to determine what price the buyers would pay for the parcel. Ultimately, the circuit court found no ambiguity in the contract, as amended, and agreed that the sellers were correct in understanding that the option only extended to the remaining fee under parcel 90, upon which the sellers had already granted by deed to the buyers a sixty-foot-wide easement or right of way. The circuit court also ordered that the purchase price would be 100 percent of the assessed value. Moreover, the circuit court ruled that, because the sellers were the prevailing parties, the costs were to be taxed against the buyers. It is from the circuit court's October 27, 2016, order that the buyers appeal.

"A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). Upon our review, we find no error in the proceedings below.

First, we find no error in the circuit court's resolution of the issues pertaining to the contract. On appeal, the buyers argue that, despite the circuit court's finding that the contract and its amendments were not ambiguous, it nonetheless "went ahead and proceeded to construe and construct the contract" in accordance with a case, *Interstate Properties, Inc. v. K-Mart Corp.*, 88 F.Supp.2d 609 (S.D. W.Va. 2000), which the buyers argue is inapplicable. We find, however, that this assignment of error mischaracterizes the actions the circuit court took below. The buyers are correct that the circuit court specifically found that the contract and its amendments were not ambiguous. However, the buyers are incorrect in asserting that the circuit court undertook a construction of the contract. On appeal, the buyers cite to multiple cases holding that clear written instruments are not subject to judicial construction or interpretation. *See* Syl. Pt. 2, *Orteza v. Monongalia Cty. General Hosp.*, 173 W.Va. 461, 318 S.E.2d 40 (1984); Syl. Pt. 2, *Int'l*

3

*Nickle Co. v. Commonwealth Gas Corp.*, 152 W.Va. 296, 163 S.E.2d 677 (1968). The record is clear, however, that the circuit court did not undertake any construction or interpretation of the contract at issue. On the contrary, the circuit court specifically stated that it was applying the clear terms of the contract to "resolve uncertainties between the parties concerning the contested option provisions[.]" Accordingly, the buyers are entitled to no relief in this regard.

Next, the buyers argue that the circuit court erred in failing to recognize that they are entitled to purchase any or all of parcels 90, 89, 85.2, 87, or 88 under the contract's option clause.[3] We do not agree. As the circuit court found, the option to purchase the easement property applied solely to parcel 90 because that was the parcel upon which the buyers, by their engineer, designated their easement. The buyers do not challenge the fact that, by deed dated January 31, 2014, the sellers granted them an easement over parcel 90 after their engineer selected parcel 90 for the easement in a retracement survey dated January 28, 2014, and recorded in the Office of the Clerk of the County Commission of Jefferson County. As the circuit court found, "[o]nce the [buyers] and their engineer selected Tax Map Parcel 90 . . . [that parcel] became the sole Easement Property under the Contract and no other Tax Map parcels are subject to the option." Simply put, the contract language is clear that, while the easement property may have extended over parcels 90, 89, 85.2, 87, or 88, the buyers were only entitled to purchase the remainder of parcel 90 after designating it as the easement property. For these reasons, we find no error in this regard.

Next, we find no error in the circuit court's decision to impose a purchase price of 100 percent of the assessed value as determined by the assessor in the year the option was exercised. Relying on West Virginia Code § 11-1A-3(a), the buyers argue that "the sales price, by statute, should be [sixty percent] of the assessed value of the property." We find no merit in this argument, as it misstates the plain language of that statute. According to West Virginia Code § 11-1A-3(a), "'[a]ssessed value' of any item of property is its assessed value after the certification of the first statewide reappraisal and shall be sixty percent of the market value of such item of property regardless of its class or species, except as hereinafter specifically provided in this article[.]" In their brief on appeal, the buyers provide no explanation as to why they believe this statute dictates that the purchase price for parcel 90 should be sixty percent of the assessed value. In their only attempt to justify this price, the buyers summarily conclude that sixty percent of the assessed value is appropriate according to statute, but, as set forth above, West Virginia Code §

---

[3]In support of this assignment of error, the buyers additionally argue that the doctrine of latent ambiguity should apply to this clause because, although the clause appears clear and unambiguous, there is a collateral matter that makes the meaning uncertain. Specifically, the buyers argue that "[t]he latent ambiguity in this case is the contract's own facial context[,]" which they argue supports the assertion that they are entitled to purchase all of parcels 90, 89, 85.2, 87, and 88. However, the buyers have failed to establish that this issue was raised below. In fact, the record is clear that, at multiple points in the proceedings below, the buyers specifically asserted that the contract contained no ambiguities, latent or otherwise. "This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citing *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)). Accordingly, we find that the buyers are not entitled to review of this argument on appeal.

11-1A-3(a) simply defines assessed value as sixty percent of market value. It otherwise fails to establish any duty to set the purchase price for parcel 90 in this matter at sixty percent of the assessed value. Simply put, the buyers have cited no authority that would require the purchase price to be sixty percent of the assessed value when the plain language of the contract dictates that "[t]he sales price shall be the assessed value thereof as determined by the calendar tax year of settlement therefor[.]" Accordingly we find no error in this regard.

Finally, the buyers assert that the circuit court erred in taxing costs against them because the sellers substantially prevailed in the action and in removing any cloud to the sellers' title. The buyers present these assignments of error as a single argument and assert that the fact that sellers "have not substantially prevailed . . . and . . . have themselves imposed a 'cloud' on the subject real estate[], respectively, are self[-]evident from the discussion above." We find that these arguments are not proper for appellate review. We have long held that "[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007). The buyers also fail to make a single citation to the record or pertinent authority to support their arguments. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]the brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the *authorities relied on . . . [and]* must contain appropriate and specific *citations to the record on appeal*[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs that set forth rambling assignments of error that are essentially statements of facts with a conclusion that the lower tribunal was 'clearly wrong'" are not in compliance with this Court's rules. Here, the buyers' brief in regard to the final two assignments of error is inadequate because it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. Accordingly, we will not consider these final arguments on appeal.

For the foregoing reasons, the circuit court's October 27, 2016, order granting declaratory judgment for the sellers is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker