# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mama Rosa's and Beyond, LLC, and Spiro Matias,**
**Defendants in Cross-Claim Below, Petitioners**

**FILED**

**January 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1027** (Cabell County 12-C-836)

**Schooner's Stadium Front Grille,**
**Plaintiff in Cross-Claim Below, Respondent**

## MEMORANDUM DECISION

Petitioners Mama Rosa's and Beyond, LLC, and Spiro Matias, by counsel Samuel F. Hanna, appeal the verdict of a Cabell County jury that found petitioners breached a sublease contract with respondent and damaged respondent's property. Respondent Schooner's Stadium Front Grille, by counsel Matthew L. Ward, filed a response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 1, 2012, Petitioners Mama Rosa's and Beyond, LLC, and Spiro Mitias, and Respondent Schooners Stadium Front Grille entered into a sublease agreement for the lease of commercial property ("the premises"), and certain items of respondent's personal property located on Third Avenue in Huntington, West Virginia. The sublease agreement contained an acknowledgment that petitioners received a copy of the primary lease agreement, and agreed to abide by the terms and conditions of the primary lease of the premises, including, the payment of lease obligations under the primary lease.[1]

After executing the sublease agreement, petitioners operated a restaurant on the premises. However, after the head manager at the restaurant became ill in September of 2012, business began to decline, and petitioners did not pay rent for the month of October 2012. During that month, an employee placed a sign in the window of the premises stating that the restaurant was closed. Beth Kilgore, an employee of respondent, learned of the closure, visited the premises, and discovered that the business was closed. As a result she attempted to contact Petitioner Mitias in order to recover the delinquent rent and to ascertain the status of the restaurant. The

---

[1] Respondent entered into a primary lease agreement in February of 2011 with 119 South Properties LLC. The primary lease term was from February 4, 2011, to January 31, 2014, and respondent was required to pay 119 South Properties, LLC $3,400 per month in rent.

parties spoke on November 1, 2012, at which time, Ms. Kilgore later testified, Petitioner Mitias told her that Mama Rosa's was experiencing employee theft and would not be re-opening the restaurant or paying rent. Thomas Crabtree testified that, on November 1, 2012, while visiting the premises, he observed individuals illegally removing equipment which he believed belonged to respondent. As a result, respondent entered the premises, and changed the locks on the premises, barring petitioners from re-entering.

In December of 2012, petitioners filed suit against respondent alleging breach of contract.[2] Respondent answered and filed a counterclaim in March of 2013 alleging breach of contract, breach of covenant of good faith and fair dealing, and conversion. According to the circuit court, petitioners later voluntarily withdrew their complaint. Following discovery, the circuit court held a jury trial in January of 2016 on respondent's claims. During trial, respondent withdrew its claim for breach of covenant of good faith and fair dealing, and petitioners objected to the entry into evidence of a copy of the primary lease agreement. Petitioners complained that the copy of the primary lease agreement furnished by respondent was not complete, and therefore was not admissible under the West Virginia Rules of Evidence. The circuit court ordered respondent to find an original, complete copy of the lease during a lunch break. Following the break, respondent's counsel represented that the original copy of the primary lease was likely destroyed, when respondent's business office sank in the Ohio River.[3] The parties presented and argued jury instructions.

Following deliberations, the jury returned a verdict finding (1) that Petitioners Mama Rosa's and Spiro Mitias breached their contract with Respondent Schooner's Stadium Front Grille, Inc.; (2) that petitioners owe respondent $25,500 in rent and $1,200 for property damage; and (3) that petitioners did not convert personal items from respondent. Accordingly, the circuit court entered judgment in favor of respondent on its breach of contract claim in the amount of $26,700; entered judgment in favor of petitioners on respondent's conversion claim, finding that respondent was not entitled to recovery on that claim, and (4) ordered that respondent was entitled to attorney's fees pursuant to the sublease agreement, which the court found unambiguously requires the reimbursement of respondent's costs. Petitioner filed a motion for a new trial, which the circuit court denied by order entered July 25, 2016.

On appeal to this Court, petitioners contend that the circuit court erred in admitting a partial copy of the original lease agreement and in finding that said agreement was only missing one page, and that the circuit court gave an erroneous jury instruction.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit

---

[2] Petitioners' complaint was dismissed with prejudice prior to the jury trial.

[3] Apparently, respondent's previous business office was located on a barge along the Ohio River.

2

court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioners argue that pursuant to Rule 1002 of the West Virginia Rules of Evidence ("the Best Evidence Rule") an original writing is required in order to prove its content. Petitioners complain that they were not a party to the original lease and were not provided a full copy of the lease in discovery, and as a result, did not know the full contents of the lease. Petitioners claim this is prejudicial error. We disagree. According to Rule 1004 of the Rules of Evidence, in relevant part, "[a]n original is not required and other evidence of the contents of a writing, . . . is admissible if: (a) All the originals are lost or destroyed, and not by the proponent acting in bad faith[.]" Here, the circuit court found that the original copy of the lease agreement was destroyed through no fault of respondent, and that petitioners did not deny or dispute the contents of the exhibit. Petitioners do not suggest or argue that the original writing was purposely destroyed, and provide mere speculation regarding the contents of the missing portion. Under these circumstances there is no evidence to suggest that the circuit court's findings were clearly erroneous, and as a result, we find no error in the admission of the document.

Petitioners also assert, as assignments of error, that the circuit court erred in finding that petitioner complained that only one page of the original lease was missing; and in presenting a jury instruction regarding respondent's entry onto the premises. However, petitioners fail to make a single citation to pertinent authority in support of their arguments. Consequently, we find that these arguments are not proper for appellate review. We have long held that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 766, 656 S.E.2d 789, 795 (2007). The failure to provide this Court with any supporting authority for petitioner's assigned errors is in direct contradiction of this Court's Rules of Appellate Procedure.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]the brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the *authorities relied on . . . [and]* must contain appropriate and specific citations to the record on appeal[.] . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). "In the absence of supporting authority we decline further to review this alleged error because it has not been adequately briefed." *State v. Allen*, 208 W. Va. 144, 162, 539 S.E.2d 87, 105 (1999).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  January 19, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker