IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**LEADMINE COMMUNITY CHURCH A/K/A
LEADMINE UNITED METHODIST CHURCH,
BY AND THROUGH ITS TRUSTEES, JAMES G. ALFORD,
LARRY STEMPLE, MARK WARNER, JEREMY HILE,
LONNIE DOTSON, WESLEY LANTZ, KAREN HOCKMAN,
MARK D. PHILLIPS, AND SYLVIA OWENS,**
**Defendants Below, Petitioners**

**FILED**
**August 6, 2025**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-475**     (Cir. Ct. of Tucker Cnty. Case No. CC-47-2023-C-13)

**WEST VIRGINIA ANNUAL CONFERENCE OF
THE UNITED METHODIST CHURCH, AN
UNINCORPORATED ASSOCIATION, BY AND
THROUGH ITS TRUSTEES, NANCY CHESHIRE,
YVONNE W. HARRIS, RICHARD SHAFFER, RICHARD E.
FORD, JR., SHERI KERNIK, THOMAS MATTHEWS,
HOLLY BIONDI, ANNETTE CARPER, KEN KRIMMEL,
RANDALL F. FLANAGAN, CYNTHIA EAKLE, AND FRANK SHOMO,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioners Leadmine Community Church a/k/a Leadmine United Methodist Church, by and through its Trustees, James G. Alford, Larry Stemple, Mark Warner, Jeremy Hile, Lonnie Dotson, Wesley Lantz, Karen Hockman, Mark D. Phillips, and Sylvia Owens ("Leadmine") appeal the Circuit Court of Tucker County's November 1, 2024, order which granted Respondents West Virginia Annual Conference of The United Methodist Church, an unincorporated association, by and through its Trustees, Nancy Cheshire, Yvonne W. Harris, Richard Shaffer, Richard E. Ford, Jr., Sheri Kernik, Thomas Matthews, Holly Biondi, Annette Carper, Ken Krimmel, Randall F. Flanagan, Cynthia Eakle, and Frank Shomo's ("WVAC") motion for judgment on the pleadings. WVAC filed a response.[1] Leadmine did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the

---

[1] Leadmine is represented by Scott Curnutte, Esq., who filed the briefs but was suspended from the practice of law by order of the Supreme Court of Appeals of West Virginia dated July 8, 2025. WVAC is represented by M. Shane Harvey, Esq., and Dale H. Harrison, Esq.

applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns the ownership rights to five parcels of land, totaling approximately 2.545 acres, located in Tucker County, West Virginia (the "Property"). The Property was conveyed over the years to the Leadmine United Methodist Church. The Leadmine United Methodist Church is a local church of the United Methodist Church ("UMC"). The UMC is a global religious organization with a hierarchical structure that is subject to *The Book of Discipline* (the "Discipline"), a fundamental book outlining the law, doctrine, administration, organizational work, and procedures of the UMC.

The Discipline provides in Section 2501.1 that "[a]ll properties of the United Methodist local churches and other United Methodist agencies and institutions are held, in trust, for the benefit of the entire denomination, and ownership and usage of church property is subject to the Discipline." Section 2501.2 of the Discipline further provides that "[t]he trust is and always has been irrevocable, except as provided in the Discipline. Property can be released from the trust, transferred free of the trust or subordinated to the interests of creditors and other third parties only to the extent authority is given by the Discipline."

Section 2553 of the Discipline became effective in 2019 and granted a limited right for local congregations to disaffiliate for "reasons of conscience" and to retain their real and personal property, which would normally be held in trust under Section 2501. The right to disaffiliate under Section 2553 was not absolute and, among other things, required approval from the UMC's local annual conference. In addition, the right to disaffiliate under Section 2553 expired on December 31, 2023.

In 2022, Leadmine notified WVAC of its intention to disaffiliate from the UMC and to retain the Property pursuant to Section 2553. WVAC did not approve Leadmine's Section 2553 disaffiliation request prior to the December 31, 2023, expiration date. Despite not having disaffiliation approval from WVAC, the "Trustees of the Leadmine United Methodist Church" conveyed the Property to the "Trustees of the Leadmine Community Church" by deed dated March 26, 2023.

On August 7, 2023, WVAC filed the underlying action seeking a declaration that the Property is owned in trust for the benefit of the UMC and a declaration that the conveyance of the Property to Leadmine was null and void. WVAC contends in its complaint that the "trustees" of Leadmine attempted to convey the Property that was held in an irrevocable trust for the benefit of the UMC to themselves as trustees of the new Leadmine church. WVAC further contends in its complaint that the purported conveyance was prohibited by the Discipline and was thus void. Leadmine filed an answer and

counterclaim seeking a declaratory judgment confirming that Leadmine owned the Property and that the transfer of the Property was valid.

In July 2024, WVAC filed a motion for judgment on the pleadings with respect to its declaratory judgment claim. Leadmine did not file a written response to the motion but verbally opposed the motion at the hearing. In its November 1, 2024, order, the circuit court granted WVAC's motion and ordered:

> (1) the Subject Deed is null, void and of no effect; (2) the association known as the Leadmine Community Church has no ownership in the Subject Property whatsoever; (3) the Subject Property is and continues to be held in trust for the benefit of the United Methodist Church; (4) the trustees of the association known as the Leadmine Community Church must quitclaim to the Plaintiff all rights, title, and interests to the Subject Property so as to remove the cloud on title created by the void Subject Deed.

The circuit court based its decision essentially on two independent grounds: first, the principle of judicial abstention from doctrinal inquiry, or the notion that courts are constitutionally forbidden to second guess hierarchical churches on matters of church doctrine, including questions of property ownership where ecclesiastical law and doctrine determine the outcome, and second, that the trustees had no legal authority to convey the Property because their authority was defined and limited by the instrument which created the trust (the Discipline) and therefore, they could not act contrary to the interests of the UMC.

This appeal of the November 1, 2024, order followed.

It is well settled that our standard of review for a circuit court's entry of judgment on the pleadings is de novo. Syl. Pt. 1, *Copley v. Mingo Cnty Bd. of Educ.*, 195 W. Va. 480, 466 S.E.2d 139 (1995). With this standard in mind, we consider the parties' arguments.[2]

---

[2] The November 1, 2024, order on appeal did not fully resolve the underlying case, as it did not resolve WVAC's slander of title claim against Leadmine. Additionally, the order was not expressly certified as a final order pursuant to Rule 54(b) of the Rules of Appellate Procedure. The Supreme Court of Appeals of West Virginia has held that the absence of an express Rule 54(b) certification "will not render the order interlocutory and bar appeal provided that this Court can determine from the order that the trial court's ruling approximates a final order in its nature and effect." Syl. Pt. 2, in part, *Durm v. Heck's, Inc.*, 184 W. Va. 562, 401 S.E.2d 908 (1991). Because the circuit court's November 1, 2024, order resolved WVAC's claim for declaratory relief, it approximates a final order in nature and effect.

Leadmine asserts in its lone assignment of error that "judicial abstention from doctrinal inquiry" does not warrant the entry of judgment on the pleadings in this case. Leadmine argues that ownership of the Property does not involve a theological dispute and rights to the Property can be resolved by applying neutral principles of law. Conversely, WVAC argues that Leadmine's alleged rights to the Property involves an examination of the ecclesiastical laws of the UMC, and the circuit court is barred from interpreting church doctrine by the Supreme Court of Appeals of West Virginia's ("SCAWV") rulings in *Brady v. Reiner*, 157 W. Va. 10, 198 S.E.2d 812 (1973) and *Board of Church Extension v. Eads*, 159 W. Va. 943, 230 S.E.2d 911 (1976).[3] WVAC further argues that Leadmine fails to address the second basis for the circuit court's decision, namely that the trustees held the Property in trust for UMC and therefore did not own the Property or have legal authority to convey it.

At the outset, we find that Leadmine's brief does not comply with the requirements of Rule 10(c)(7) of the Rules of Appellate Procedure because it fails to present an argument clearly exhibiting the points of fact and law presented and does not contain specific references to the record on appeal that pinpoint when and how the issues in the assignment of error were presented to the lower tribunal. Additionally, Leadmine's argument that the circuit court should have applied neutral principles of law contains no analysis whatsoever and is in essence a skeletal argument, which lacks any reasonable specificity or meaningful explanation. *See State ex rel. Hatcher v. McBride*, 221 W. Va. 760, 766, 656 S.E.2d 789, 795 (2007) (per curiam) ("[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim") (internal citation omitted). As we have observed previously, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)).

Moreover, it is unnecessary to address Leadmine's challenge to the circuit court's ruling that this matter is beyond the scope of civil courts, as Leadmine failed to address the circuit court's independent, alternative basis for granting judgment on the pleadings. One of the central issues before the circuit court below was whether the trustees, as trustees of Leadmine UMC had the legal authority to convey the Property to themselves, as trustees of the new church. The circuit court ultimately concluded that the trustees held the Property in trust for UMC, did not own the Property, and did not have legal authority to convey it. Inexplicably, Leadmine failed to address the circuit court's dispositive rulings regarding these key determinations.

---

[3] In *Eads*, the SCAWV abrogated certain of *Brady*'s holdings. *See Bd. of Church Extension v. Eads*, 159 W. Va. 943, 955 n.6, 230 S.E.2d 911, 918 n.6 (1976).

Based on the foregoing, we conclude that Leadmine has not established error by the circuit court and we find no reason to disturb the circuit court's decision. Accordingly, we affirm the Circuit Court of Tucker County's November 1, 2024, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White