# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Frederico M. Hatcher,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0414** (Cabell County 15-C-208)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Frederico M. Hatcher appeals the Circuit Court of Cabell County's April 7, 2015, order denying his petition for post-conviction habeas corpus relief. Respondent David Ballard, Warden, by counsel David A. Stackpole, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that (1) the circuit court erred by "totally ignoring" this Court's holding in *In the Matter of Renewed Investigation of the State Police Crime Laboratory*, 219 W.Va. 408, 633 S.E.2d 762 (2006) ("Zain III") with regard to serology evidence; (2) the circuit court judge failed to recuse himself; and (3) the circuit court erred in refusing to find that petitioner had a "due process right to assign ineffective assistance of counsel" in his underlying habeas petition.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 1996, the grand jury returned two indictments against petitioner and several co-defendants for crimes related to two criminal episodes. The first indictment charged petitioner with one count of aggravated robbery for hitting a pizza delivery person with a wooden club while a co-defendant took two pizzas and a bottle of soda. The second indictment charged petitioner with one count of first-degree murder for the shooting death of a convenience store clerk.

Thereafter, the circuit court held two jury trials—a separate trial on each indictment. At the conclusion of those trials, petitioner was found guilty of both counts. The jury in petitioner's

---

[1]Petitioner lists a fourth assignment of error in his brief to this Court: that the circuit court erred in ruling that res judicata precluded habeas relief in this matter. As the issue of res judicata is substantially related to petitioner's first and third assignments of error, we address the issue in our discussions of those two grounds.

1

murder trial found that he should not receive a recommendation of mercy. In August of 1996, the circuit court held a joint sentencing hearing on both convictions. For the aggravated robbery conviction, the circuit court sentenced petitioner to 212 years in prison. For the first-degree murder conviction, the circuit court sentenced petitioner to life without mercy. In February of 1997 and October of 1997, respectively, this Court refused both of petitioner's direct appeals.

In April of 1998, petitioner, pro se, filed his first petition for post-conviction habeas corpus relief.[2] Thereafter, the circuit court appointed petitioner habeas counsel and held an omnibus evidentiary hearing in December of 1998. During that hearing, petitioner informed the circuit court that he was aware of his rights, had reviewed his claims with counsel, and waived the right to assert any claims not set forth in his petition or checklist, pursuant to the procedural requirements set forth in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). By order entered in 1999, the circuit court denied petitioner's first habeas petition. This Court refused petitioner's appeal of that order.

In late December of 1998, petitioner filed a second habeas petition.[3] Thereafter, the circuit court appointed petitioner habeas counsel and held another omnibus evidentiary hearing in May of 2005. By order entered in May of 2005, the circuit court denied petitioner's second habeas petition. This Court affirmed that order in *Hatcher v. McBride*, 221 W.Va. 5, 650 S.E.2d 104 (2006).

In 2006, petitioner, pro se, filed a third habeas petition, which was denied the same day. Petitioner appealed that denial order to this Court and appellate counsel was appointed to petitioner thereafter. Petitioner's appellate counsel filed an amended petition for appeal that challenged the constitutionality of petitioner's sentence for aggravated robbery and argued that his prior habeas counsel was ineffective. This Court affirmed the denial of petitioner's third habeas petition in *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 656 S.E.2d 789 (2007), *cert. denied*, 552 U.S. 1269 (2008).

In July of 2010, petitioner, pro se, filed a fourth habeas petition, which was denied by order entered on September 8, 2010. Petitioner did not appeal that denial.

In March of 2015, petitioner, pro se, filed the present habeas petition in which he asserted two grounds for relief: (1) that the State presented faulty serology results performed by a

---

[2]Given the limited record on appeal, it is unclear what grounds petitioner raised in his first four habeas petitions. However, as will be discussed elsewhere in this memorandum decision, petitioner does not contend that he raised the issue of serology evidence at any time prior to his present habeas petition.

[3]It is unclear from the record on appeal whether petitioner filed his second habeas petition pro se or by counsel; why he filed that petition prior to the entry of the order denying his first habeas petition in 1999; and why the omnibus evidentiary hearing on that petition was not held until 2005.

serologist other than Fred Zain[4] at one of his underlying criminal trials; and (2) ineffective assistance of trial counsel for failing to properly investigate the State Police Crime Laboratory given the wide-spread knowledge of faulty serology results.

In March of 2015, the circuit court appointed petitioner habeas counsel and directed counsel to amend the petition on or before June 15, 2015, if necessary. However, on April 7, 2015, the circuit court entered an order that denied petitioner's present habeas petition based "[u]pon sua sponte review of this matter[.]" By that order, the circuit court found that both of petitioner's alleged grounds for relief were barred by res judicata. As to the first ground, the circuit court found that petitioner knew or should have known of the serology issue at the time of the filing of his four prior habeas petitions, but he failed to raise the issue in those proceedings. As to the second ground, the circuit court found that the issue of ineffective assistance of trial counsel was previously decided by both the circuit court and this Court and, thus, was also res judicata. Therefore, for the foregoing reasons, the circuit court denied petitioner's present habeas petition. This appeal followed.

This Court reviews a circuit court order denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner's first assignment of error is that the circuit court abused its discretion by ignoring this Court's holding in *Zain III*. In Syllabus Points 4, 5, and 6 of *Zain III*, we held as follows:

> A prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence and who challenges his or her conviction based on the serology evidence is to be granted a full habeas corpus hearing on the issue of the serology evidence. The prisoner is to be represented by counsel unless he or she knowingly and intelligently waives that right. The circuit court is to review the serology evidence presented by the prisoner with searching and painstaking scrutiny. At the close of the evidence, the circuit court is to draft a comprehensive order which includes detailed findings as to the truth or falsity of the serology evidence and if the evidence is found to be false, whether the prisoner has shown the necessity of a new trial based on the five factors set forth in the syllabus of *State v. Frazier*, 162 W.Va. 935, 253 S.E.2d 534 (1979).

---

[4]Fred Zain worked as a chemist for the West Virginia State Police from 1979 until 1989. He was found to have falsified evidence in criminal prosecutions.

A circuit court that receives a petition for a writ of habeas corpus from a prisoner against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence, and whose request for relief is grounded on the serology evidence, is to hear the prisoner's challenge in as timely a manner as is reasonably possible.

A prisoner who was convicted between 1979 and 1999 and against whom a West Virginia State Police Crime Laboratory serologist, other than Fred Zain, offered evidence may bring a petition for a writ of habeas corpus based on the serology evidence despite the fact that the prisoner brought a prior habeas corpus challenge to the same serology evidence, and the challenge was finally adjudicated.

219 W.Va. at 409-10, 633 S.E.2d at 763-64. Petitioner now claims that the circuit court ignored the above-referenced syllabus points when it applied the doctrine of res judicata to his *Zain III* challenge. Following a thorough review of the record on appeal, we find no support for petitioner's argument. Contrary to his assertion that the circuit court ignored our holding in *Zain III*, it is clear that the circuit court cited *Zain III* in the final order at issue in this appeal as the exact issue under review.

Moreover, petitioner's argument relies upon the factual inaccuracy that the circuit court decided this issue on grounds of res judicata. To the contrary, the circuit court dismissed petitioner's *Zain III* challenge because it was a skeletal argument that lacked sufficient evidentiary support. We have explained that

[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973). A habeas petitioner also bears the burden of establishing that he is entitled to the relief sought. *See State ex rel. Hatcher*, 221 W.Va. at 766, 656 S.E.2d at 795 (stating that "a skeletal 'argument,' really nothing more than an assertion, does not preserve a claim"); *Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004) (noting that allegations must have adequate factual support for appointment of counsel, hearing, and/or issuance of writ); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966).

In this case, the circuit court's final order specifically found that petitioner's "claim amounts to nothing more than a general or bare assertion without analysis or explanation." Having reviewed the record and the parties' arguments herein, we agree with the circuit court that petitioner was entitled to no relief on this issue as presented. Petitioner failed to cite any portion of the record to indicate who testified as to serology evidence; by which laboratory such serology evidence was tested; at which trial such evidence was heard; what bearing that evidence

4

had on the trial's outcome; or any other factual support for his claim. The circuit court only discussed res judicata after dismissing petitioner's claim as insufficiently supported by documentary evidence. Moreover, the circuit court expressly applied res judicata in light of "the instant serology argument" specific to the circumstances of this case. Therefore, based on those reasons, we find no merit to petitioner's first assignment of error.

Next, petitioner argues that the circuit court judge who denied the instant habeas petition should have recused himself from this case because he was employed in the Cabell County Prosecuting Attorney's Office during the time of petitioner's indictments and trials. In response, respondent argues that petitioner failed to file a motion to disqualify the circuit court judge below[5] and failed to cite any portion of the record on appeal to establish a basis for such disqualification. We agree with respondent. We have long held that our "general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009). Further, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that a petitioner's brief to this Court

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

*See also State v. Larry A.H.*, 230 W.Va. 709, 716, 742 S.E.2d 125, 132 (2013) (stating that a petitioner "must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment."). In this case, petitioner failed to raise this issue by motion or otherwise below, and failed to cite any portion of the record on appeal to support his factual assertions. As such, we need not address this issue.

Petitioner's final assignment of error is that the circuit court erred "when it refused to acknowledge that [p]etitioner had a due process right to assign ineffective assistance of counsel, for not being apprised of his constitutional right to have all of the blood evidence that was tested, properly tested and testified to correctly." Following our review of the record on appeal, we find that res judicata applies to this ground. We have held that

> [a] prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: (1) ineffective assistance of counsel at the omnibus habeas corpus

---

[5]Rule 17.01 of the West Virginia Trial Court Rules sets forth the grounds for a motion to disqualify a judge and provides the procedure for filing such a motion.

hearing; (2) newly discovered evidence; (3) or, a change in the law, favorable to the applicant, which may be applied retroactively.

*Losh*, 166 W.Va. at 762, 277 S.E.2d at 606, syl. pt. 4.

Here, it is undisputed that the instant habeas petition is petitioner's fifth habeas action. Two of petitioner's prior habeas actions resulted in opinions by this Court, one of which denied relief on an assertion of ineffective assistance of habeas counsel. *See Hatcher*, 221 W.Va. at 12, 650 S.E.2d 111 (denying habeas relief); *Hatcher*, 221 W.Va. at 766, 656 S.E.2d at 795 (denying habeas relief on claim of ineffective assistance of habeas counsel and other claims). While it is unclear from petitioner's brief whether he argues ineffective assistance of trial counsel, habeas counsel, or both, it appears that he attempts to argue the merits of an ineffective assistance claim as to his trial counsel. Regardless, res judicata applies under the circumstances of this case. As to habeas counsel, this Court has previously decided the issue of whether habeas counsel was constitutionally ineffective, and, as to trial counsel, petitioner knew or should have known to raise this issue in any of his four prior habeas petitions. Therefore, based on the circumstances presented herein, we decline to address this issue.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  May 23, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

6

