# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Dallas W. Butler,
Petitioner Below, Petitioner

vs) No. 15-0213 (Harrison County 12-C-420)

Marvin Plumely, Warden,
Huttonsville Correctional Center,
Respondent Below, Respondent

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dallas W. Butler, by counsel James Hawkins, appeals the February 23, 2015, order of the Circuit Court of Harrison County that denied his petition for writ of habeas corpus. Respondent Marvin Plumley, by counsel, Shannon Frederick Kiser, filed a response. Petitioner did not file a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 17, 2010, petitioner's ex-wife, Barbara Price, was at her mother's house doing laundry, when petitioner arrived in his vehicle. When Ms. Price approached the vehicle, petitioner began to strike her, and called her a "dirty whore." Petitioner then instructed Ms. Price to leave the home with him. When she refused, petitioner threatened other members of her family who were present. During this ordeal, petitioner possessed and brandished a knife. Ms. Price got into petitioner's vehicle, where he continued to physically and verbally assault her, telling her that he hated her and that he wanted her to die. At one point, Ms. Price attempted to flee, but petitioner struck her, and she passed out. Eventually, petitioner returned Ms. Price to her mother's home, telling her family that she suffered a seizure. A family member called 911, and Ms. Price was treated for her injuries.

Petitioner was indicted by a Harrison County Grand Jury on one count of malicious assault and one count of kidnapping. Following a jury trial, petitioner was convicted on both counts, and a recidivist information was filed. Petitioner admitted that he was the individual named in the recidivist information, and received a sentence of life, with mercy, in the penitentiary for the offense of kidnapping, and a concurrent term of four to ten years of incarceration for the offense of malicious assault. This Court affirmed petitioner's convictions

1

following his direct appeal in *State v. Butler*, No. 11-1191, 2012 WL 4054108 (W.Va. Sept. 7, 2012) (memorandum decision).

Petitioner subsequently filed a petition for writ of habeas corpus, wherein he raised several grounds pursuant to *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).[1] On October 2, 2013, the circuit court held a hearing on petitioner's habeas petition. At the hearing, petitioner's habeas counsel reduced the petition to one issue, and argued that the evidence was insufficient to sustain petitioner's conviction for kidnapping under the West Virginia Code. Counsel presented the testimony of one witness, petitioner's trial counsel Jeffrey Van Volkenburg. The circuit court denied the habeas petition by order on February 23, 2015. In this order, the circuit court found that petitioner failed to provide sufficient evidence to support his claims. It is from the February 3, 2015, order that petitioner now appeals.

Requesting a new trial, petitioner asserts two assignments of error on appeal. Petitioner asserts that his counsel was ineffective at the habeas stage, and that there was insufficient evidence to sustain his conviction for kidnapping. After careful consideration of the record and the parties' arguments, this Court finds that the circuit court did not err in denying habeas corpus relief to petitioner.

We note that this Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First petitioner asserts that his trial counsel was ineffective. In support of his argument, petitioner lists twenty-two grounds "as to why trial counsel was ineffective in representing the petitioner at trial." Petitioner asserts that his trial counsel failed to convey to him a plea offer from the State to his detriment, and that he repeatedly requested more experienced trial counsel, but his request was denied. Conversely, respondent asserts that petitioner merely stated numerous grounds for relief, but failed to provide a sufficient factual basis upon which this Court could grant a single claim. We agree with respondent and find that petitioner's argument consists of an enumerated list that merely recites grounds that petitioner asserted below, without any analysis, explanation, or legal citation.

---

[1] Petitioner asserted the following grounds: (1) ineffective assistance of counsel; (2) failure of the prosecutor to recuse himself from the criminal proceedings due to a prior friendship with the victim; (3) failure of the State to inform petitioner of pending plea deals and/or immunity for State witnesses; (4) insufficiency of the indictment; (5) failure of the circuit court to allow petitioner to proceed pro se, and (6) insufficient evidence as to the kidnapping conviction.

"'An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.' Syllabus Point 5, *Morgan v. Price,* 151 W.Va. 158, 150 S.E.2d 897 (1966)." Syllabus Point 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant,* 215 W.Va. 387, 599 S.E.2d 810 (2004).

Syl. Pt. 7, *State ex rel. Hatcher v. McBride*, 221 W.Va. 760, 762, 656 S.E.2d 789, 791 (2007).

Petitioner complains that there was insufficient evidence presented at trial to support his conviction for the offense of kidnapping. Petitioner was charged with kidnapping as contained in West Virginia Code § 61-2-14(a). Pursuant to West Virginia Code § 61-2-14(a)(4),

in all cases where the person against whom the offense is committed is returned, or is permitted to return, alive, without bodily harm having been inflicted upon him or her, but without ransom, money or other thing, or any concession or advantage of any sort having been paid or yielded, the punishment shall be confinement by the Division of Corrections for a definite term of years not less than ten nor more than thirty.

Petitioner argues that because the indictment did not contain any language regarding bodily harm, that the jury could not have made that determination. We note that petitioner previously raised this claim in his direct appeal to this Court in *Butler*. In *Butler*, we held, "the Court finds no merit in petitioner's argument in regard to the sufficiency of the evidence for his kidnapping conviction." *Id.* at 2. Further, we found that

petitioner kidnapped the victim by removing her from her mother's home in an attempt to conceal his attacks on her and to prevent his arrest. The victim's testimony below supports the conviction, specifically through her testimony as to petitioner's multiple threats to cut her up and throw her in a well so as not to be arrested in relation to the crimes.

*Id.* at 3.

Based upon the foregoing, we find that the doctrine of res judicata bars petitioner's claim on this issue. Regarding the application of res judicata to a habeas corpus proceeding, we have stated that,

[f]requently habeas corpus petitioners seek collateral review of evidentiary or constitutional questions, such as the admissibility of a confession or failure to exclude physical evidence, when those issues were fully and fairly litigated during the trial and a record of the proceedings is available. In that event a court may apply rules of *res judicata* in habeas corpus because the issue has actually been fully litigated.

3

*Losh,* 166 W.Va. at 765, 277 S.E.2d at 609.  Based upon our review of the record herein and this Court's precedent, it is clear that petitioner is not entitled to a second review of the sufficiency of the evidence. Accordingly, we find that the circuit court did not err in denying petitioner's habeas petition.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[2] Petitioner also claims as assignments of error (1) that the circuit court "erred when it denied the petitioner's request for substitute counsel or in the alternative to permit petitioner to represent himself", and (2) "the circuit court erred when it failed to vacate the petitioner's convictions based upon the arguments set forth in the amended petition for writ of habeas corpus." However, petitioner does not provide a substantive argument to support these claims, and his assertions are unsupported. We have held,

> [i]n the absence of such supporting arguments or authority, we deem these assignments of error to have been waived. As we explained in *State Dept. Of Health v. Robert Morris N.,* 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim .... Judges are not like pigs, hunting for truffles buried in briefs."

*State ex rel. Hatcher*, 221 W.Va. at 766, 656 S.E.2d at 795. In the absence of supporting arguments or authority, we deem these assignments of error to have been waived.

4